ARTHUR D. WOLF, Respondent, *v.* UNITED STATES CASUALTY COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, November, 1917.)

Contracts — written — interpretation.
Insurance (accident)— policy of — contracts — debenture certificate —
     judgments — actions.

A written contract is to be interpreted in the sense in which the promisor had reason to suppose it was understood by the promisee.

In an action to recover one-half of the premiums paid by plaintiff to defendant during a period of twenty years upon a policy of accident insurance, attached to which was a debenture certificate entitling plaintiff to certain benefits, with coupons annexed, the contention of plaintiff that the policy and the certificate must be construed to mean that the privilege of collecting one-half of the gross premiums was earned by the insured if and when he had paid his annual premium for any immediately preceding continuous period of twenty years without collecting any loss, upheld, and a judgment in favor of the plain-

tiff affirmed, it being clear that the purpose of the defendant in issuing the debenture certificate was to permanently attach to itself any person who took a first policy by offering to him a substantial inducement to renew it for at least twenty years.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, after a trial by a judge without a jury.

Carl Schurz Petrasch (Francis X. Mooney, of counsel), for appellant.

Sidney Rossman, for respondent.

BIJUR, J.   This case was submitted on an agreed state of facts, and the only question involved is as to the interpretation of a written instrument.   The action is brought for one-half of the insurance premiums paid by plaintiff to defendant during a period of twenty years beginning February 20, 1897.   The policy was one of accident insurance dated February 20, 1896. Attached to it was a debenture certificate with certain coupons annexed.   In substance, the contract between the parties thus evidenced was that in consideration of the payment by plaintiff of one annual premium in advance on the policy named the debenture certificate was issued entitling plaintiff to the following benefits: " In the event that the premium on the said policy is fully paid annually in advance for five consecutive years " the insured might, within a certain interval after the expiration of the five years, detach coupon No. 1 and receive an extension of his policy for six months, or he might retain coupon No. 1 " until another five year period had elapsed," and upon the same proviso obtain an extension of fifteen months,

or he might retain coupons Nos. 1 and 2 similarly until the lapse of another five-year period and obtain a gratuitous extension of two years and six months. Finally, he might retain all three coupons until the lapse of another five-year period, a total of twenty years, and obtain from the company a payment of " 50 per cent of the gross premiums paid by him during full period of twenty years," provided further that if any loss has been paid to the insured during the period or periods covered by the certificate there shall be no return of premium in cash, and the extension of time provided for in the policy shall be only for such period as the value of the respective coupons in premiums less the amount of the loss so paid to the insured shall be sufficient to purchase. There are other details of this peculiar arrangement, but they are not material to the determination of the present controversy.

It appears that during the first year after the issuance of the policy the plaintiff collected a loss. No loss has since accrued, and on February 28, 1917, the assured made a demand for $240, being one-half of the gross premiums, $480 ($24 annually), which he had paid for the period February 20, 1897, to February 20, 1917. The policy itself provides that " it may be cancelled by the company at any time by mailing written notice thereof to the insured."

The contention of the plaintiff is that the policy and the debenture certificate must be construed to mean that the privilege of collecting one-half of the gross premiums is earned by the assured if and when he has paid his annual premium for any immediately preceding continuous period of twenty years without collecting any loss; or, perhaps to put it in another way, that not only the policy itself is renewed by the acceptance of a new premium by the company, but that the

debenture certificate must be deemed similarly renewed.

The defendant insists, on the other hand, that, regardless of how long the policy may be renewed, the debenture certificate must be read as referring only to an identified period of twenty years beginning with the date of the issuance of the policy.

In my opinion, the plaintiff's construction is the correct one, and so the learned judge below has found. The debenture certificate significantly omits to designate the respective periods as beginning at any particular date, speaking of them merely as "five consecutive years" or "another five-year period."

Applying common business judgment to the interpretation of the arrangement represented by these instruments, it is clear that the purpose of the defendant in issuing the debenture certificate was to attach to itself permanently any person who took out from it a first policy by offering him a substantial inducement to renew it for at least twenty years. If upon the taking out of such a policy, and the occurrence of a loss in the first year, the assured would in substance lose all the benefits of the debenture certificate the inducement would, *ipso facto,* disappear. It is reasonable to assume that the company had no such result in mind, but intended that under such circumstances the assured should renew his policy from year to year until upon the lapse *without a loss occurring* of five, ten, fifteen or twenty years the assured might become entitled to the respective benefits provided for, and during the meantime be induced to renew by the expectancy of the enjoyment of those benefits. My inference that it was intended that the policy might be renewed from year to year for an indefinite period by the assured at his option is not unreasonable in view of the fact that this was a mere accident policy in which the item of the

personal equation is less significant, and is confirmed by the exceedingly significant fact referred to in the stipulation that on February 20, 1897, the defendant wrote and issued policies of insurance identical in form with the policy of insurance issued to the plaintiff for the same premium and with a similar debenture certificate and without physical or other examination of an applicant. Although objection was taken by defendant to the admission in evidence of the last named facts as incompetent, irrelevant and immaterial, I think that as there is a manifest ambiguity in the instrument these facts are material to assist in its interpretation.

With them in mind, it surely would be absurd (if we interpret the contract as the defendant would have it) that the plaintiff should, on February 20, 1897, renew his old policy although by the loss which he had collected during the preceding year he had already parted with a substantial part of the value of the debenture certificate, whereas, without any additional expense or trouble to himself beyond the mere form, he could have obtained a new policy with all the same privileges and thus start on the same date with a " clean slate." It is equally absurd to imagine that the company would expect him to so renew what I might call his impaired policy or that the impaired debenture certificate would act under those circumstances as an inducement toward continued renewals of the policy. Moreover, the conduct of the insured in another respect, as also one of the terms of the certificate to which I have not alluded, add further weight to this view.

By the terms of the certificate, any loss collected by the assured during the preceding twenty years would deprive him of the right to the return of half the gross premiums at the end of the twenty-year period, while

35

it would merely reduce the annual gratuitous extension which he might obtain at the end of the five, ten and fifteen-year periods respectively. Plaintiff permitted all these periods to elapse without making any claim for an extension on the assumption that he would receive the return premium at the end of the twenty years, provided, of course, he collected no loss during the last five. The hardship of this provision, if interpreted as the defendant would have it, merely fortifies the interpretation which I have adopted. But the conduct of the insured evidences clearly his understanding of the arrangement. If I regarded the respective contentions of the two parties as to the interpretation of the instrument as closely balanced (which I do not), I think we would be compelled to hold with the plaintiff, because of the recognized rule that an instrument must be construed against the party who has himself composed its language, and in particular: " It is a rule of law, *as well as of ethics,* that where the language of a promisor may be understood in more senses than one, it is to be interpreted in the sense in which he had reason to suppose it was understood by the promisee." *Hoffman* v. *Ætna Ins. Co.,* 32 N. Y. 405, 413; *White* v. *Hoyt,* 73 id. 505; *Nellis* v. *Western Life Ins. Co.,* 207 id. 320, 333, 334.

The judgment should, therefore, in my opinion, be affirmed, with twenty-five dollars costs to respondent.

PHILBIN and ORDWAY, JJ., concur.

Judgment affirmed, with costs.